**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 JAN 14 PM 3:11

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____

(To be supplied by the court)

## GIOVANOSKA GONZALEZ

_____, Plaintiff

v.

## GROUP VOYAGERS INC

_____,

## a/k/a Globus, Cosmos,

_____,

## Monograms, Avalon Waterways

_____

## a New York/Foreign corporation.

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Giovanoska Gonzalez 1330 W. Mississippi Ave #210 Denver, CO 80223

(Name and complete mailing address)

(720) 201-1085 giovagg@gmail.com

(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Group Voyagers Inc. 5301 S. Federal Circle, Littleton, CO 80123

(Name and complete mailing address)

(303) 797-2800

(Telephone number and e-mail address if known)

Defendant 2: _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

__X__   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

_____   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

_____   Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

_____   Other: *(please specify)* _____

2

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim.  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  **Retaliation in Violation of Title VII**

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire                    **X** different terms and conditions of employment

____ failure to promote            ____ failure to accommodate disability

**X** termination of employment   **X** retaliation

____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

**X** race          **X** religion          **X** national origin          ____ age

**X** color          ____ sex          ____ disability

Supporting facts:

GVI took adverse actions against the Plaintiff because she filed complaints with HR.

Additional paper is attached.

3

CLAIM TWO: ## Violation of 42 U.S.C. §1981 and Retaliation

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire                      **X** different terms and conditions of employment

____ failure to promote                   ____ failure to accommodate disability

**X** termination of employment           **X** retaliation

____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

**X** race          ____ religion          **X** national origin          ____ age

**X** color         ____ sex               ____ disability

Supporting facts:

Plaintiff is Hispanic, Venezuelan female and thus a member of a protected class.

Additional paper is attached

[ Click Here for Additional Claim ]

CLAIM __3__ : __Discrimination Based on Race or Color in Violation of Title VII__

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire      **X** different terms and conditions of employment

____ failure to promote      ____ failure to accommodate disability

**X** termination of employment      **X** retaliation

____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

**X** race      ____ religion      ____ national origin      ____ age

____ color      ____ sex      ____ disability

Supporting facts: Additional paper is attached

**E.   ADMINISTRATIVE PROCEDURES**

Did you file a charge of discrimination against defendant(s) with the Equal Employment
Opportunity Commission or any other federal or state agency? (*check one*)

☑ Yes  (***You must attach a copy of the administrative charge to this complaint***)

☐ No

Have you received a notice of right to sue? (*check one*)

☑ Yes  (***You must attach a copy of the notice of right to sue to this complaint***)

☐ No

**F.   REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed*
*to identify the relief you are requesting, use extra paper to request relief. Please indicate that*
*additional paper is attached and label the additional pages regarding relief as "F. REQUEST*
*FOR RELIEF."*

Additional pages are attached.

**G.   PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746;
18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending or modifying
existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,
will likely have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

01|14|2021
(Date)

(Revised December 2017)

5

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

GIOVANOSKA GONZALEZ
    Plaintiff(s),

v.

GROUP VOYAGERS INC,
 a/k/a Globus, Cosmos, Monograms, Avalon Waterways,
a New York/foreign corporation.

      Defendant(s)

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW the Plaintiff, Giovanoska Gonzalez, for her Complaint and Jury Demand against the Defendant, Group Voyagers, INC., states as follows:

### NATURE OF THE ACTION

This action is brought to redress the Defendant's violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e–2000e-2. Specifically, Plaintiff alleges that the Defendant engaged in unlawful employment practices on the basis of Plaintiff's race or color, national origin, retaliated against Plaintiff for making complaints of protected class based discrimination, engaged in harassment by creating and escalating a hostile work environment, engaging in discriminatory treatment of Plaintiff, and by terminating her employment, all in violation of Title VII.

Plaintiff was subjected to a workplace filled with derogatory and racially charged statements and animosity as a result of her race, color and national origin. She deplored this behavior and raised it with her managers in hopes that this mistreatment would end. The more that

D. STATEMENT OF CLAIMS

she raised complaints, however, the more that Defendant sought a justification to terminate her. When no legitimate justification could be found, Defendant embarked on an unequal scrutiny of Plaintiff's work in a transparent effort to manufacture a basis for her termination.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343. This action is authorized and instituted pursuant to 29 U.S.C. § 626(c), and Section 706 of Title VII of the Civil Rights Act of Title VII, as amended. The unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## ADMINISTRATIVE PREREQUISTIES

2.      Prior to filing this Complaint, Plaintiff complied with all procedural prerequisites for bringing this lawsuit.  On January 15, 2020 Plaintiff timely filed a charge of employment discrimination with the Colorado Civil Rights Division ("CCRD") and the United States Equal Employment Opportunity Commission ("EEOC").

3.      By final notice dated October 15, 2020, Plaintiff was issued a Notice of Right to Sue by the EEOC. As this Complaint has been filed within 90 days of Plaintiff's receipt of the Notice, she has satisfied all procedural prerequisites for suing Defendant in federal court under 42 U.S.C. §2000e-5(f)(1).

## PARTIES

4.      Plaintiff Giovanoska Gonzalez ("Ms. Gonzalez") is an individual resident of Colorado with a residential address of 1330 W. Mississippi Ave #210, Denver CO 80223.

5.      Defendant Group Voyagers, Inc. ("GVI") -founded in Switzerland- is a New York corporation that is registered to do business in Colorado, with a regional office located at 5301 S.

D. STATEMENT OF CLAIMS

Federal Cir., Littleton, Colorado 80123.  GVI employs more than 245 employees nationwide.

## GENERAL ALLEGATIONS

6.      Ms. Gonzalez is a Hispanic/Latino, woman.

7.      Ms. Gonzalez was hired at GVI in July 2019.  She was terminated in November 2019 after five months at the company.

8.      At the time of her termination, Ms. Gonzalez held the position of Sales and Marketing Coordinator (SMC).

9.      During her five months of employment Ms. Gonzalez was the only Hispanic Sales and Marketing Coordinator in the Direct Group Department at GVI's Littleton, Colorado office.

10.      During her employment at GVI, the company routinely treated Ms. Gonzalez in a disparate fashion than their non-Hispanic/Latino peers.

11.      GVI regularly extended leniency and forgiveness to non-Hispanic employees in disciplinary matters, in addition to affording such employees more opportunities, incentives, and grace in all aspects of their jobs.

12.      In addition to the employees referenced, other examples of such remarkably differential treatment perpetuated by GVI include the following:

a.  A female Caucasian employee was neither disciplined nor terminated, despite incurring many "absorptions" that caused GVI's to lose profit.

b.  The company wrongly labeled Ms. Gonzalez as an "overaggressive" employee simply because she is Hispanic, while simultaneously ignoring severe and repeated instances of actual "aggressive" conduct on the part of numerous non-Hispanic employees. Ms. Gonzalez's Outlook inbox was under constant scrutiny with or without her knowledge while other employees were not monitored, and they were not obligated to have their emails reviewed by the supervisor.

c.  Rather than immediately terminating her, GVI excused a Caucasian Sales and Marketing Coordinator who repeatedly created a hostile work environment, who engaged in derogatory comments about the New Mexico tour and she deleted ten years of PowerPoints

D. STATEMENT OF CLAIMS

files without authorization. The company knowingly allowed this employee to retain her position throughout this tumultuous period.

d.  GVI completely ignored the behavior of a Caucasian Account Manager that questioned prices reflected in the marketing materials implying deceptive practices; the company failed to discipline or terminate the same employee for gifting a bottle of liquor to the Supervisor during working hours in front the entire staff. Both actions were prohibited by the Company handbook.

13.  During August 2019 Ms. Gonzalez transferred from Travel Agent Sales and Services (TASS) to the Direct Groups Department per her supervisor request.

14.  At the time that GVI made the decision to transfer Ms. Gonzalez in August 2019, the HR Manager verbally deprived her from a second bonus of $250 promised during the hiring process.

15.  GVI did not correct a  similarly-situated Caucasian female who was in the same position as Ms. Gonzalez (Sales and Marketing Coordinator) for her shoddy writing on electronic communications, rather than disciplining or placing her under scrutiny, Mr. Vince Minor (Direct Group Supervisor) met with her to discuss how GVI could best accommodate this employee, and GVI granted the employee permission to work from home.

16.  As set forth, *infra*, GVI treated Ms. Gonzalez (including but not limited to its decision to terminate Ms. Gonzalez as a result of opposing to a discriminatory practice such as unequal scrutiny of work ) in a disparate fashion from the foregoing similarly-situated Caucasian and non-Hispanic females ( GVI allowed an employee to work from home and another female led the staff's conference calls and she was allowed  to speak for all SMCs without consultation following a complaint for pejorative remarks).

17.  Throughout her employment with GVI, Ms. Gonzalez was subjected to ongoing and repeated offensive comments and hostility from managers and coworkers. The harassment included repeated comments designed to be offensive to her as a Latino female, as a heterosexual,

D. STATEMENT OF CLAIMS

and as a Catholic beginning in September 2019 and continuing through November 2019.

18.    Such workplace harassment to which Ms. Gonzalez was subjected included:

a.    Pejorative comments about her linguistic characteristic as "broken English"
b.    Deliberate and repeated misstatements and questioning of Ms. Gonzalez's native language as it might be Portuguese and not Castilian Spanish
c.    HR manager, Direct Groups Supervisor, and Customer Care Director made offensive remarks about Ms. Gonzalez personality as "combative, mean and overaggressive"
d.    Derogatory comments about people being rude based on skin color or ethnicity
e.    Multiples intimidating emails from managers talking about adverse actions against Ms. Gonzalez's job security usually sent per hour or minutes.
f.    Use of coercion to sign two write ups in order to get a copy of the document.

19.    This workplace harassment occurred on a daily basis, after Ms. Gonzalez disclosed her Hispanic ethnicity to the company around 09/27/2019 and continued until her termination.

20.    In addition to the overtly-race background discussions directed toward Ms. Gonzalez at the office, there was a deprivation of work information about religious tours because her religious beliefs.

21.    Co-workers at GVI were aware that Ms. Gonzalez is a Catholic, yet they deliberately discussed their lack of religious beliefs and hostile attitudes toward her religion with her and in and around her presence.

22.    Ms. Gonzalez raised complaints with GVI regarding the harassment that she was enduring as early as September 2019, and she continued to regularly raise such complaints until shortly before her termination in November 2019.

23.    In particular, Ms. Gonzalez discussed with her supervisors the inappropriate discriminatory behavior, including ancestry comments, derogatory comments about her religious beliefs, disparate treatment, and harassment, on each of the following occasions:

a.    **August 06, 2019**: Ms. Gonzalez discussed a discriminatory email with her former TASS supervisor.  In the email a travel agent discriminated against Ms. Gonzalez based on a linguistic characteristic, the agent wrote that Ms. Gonzalez had a "pretty thick accent".

D. STATEMENT OF CLAIMS

b. **September 27, 2019:** Ms. Gonzalez raised a complaint of racial/ancestry discrimination to HR Director Mary Cox, Supervisor Vince Minor and Former Sales and Marketing Coordinator Beth Lindemulder by email. Ms. Gonzalez met with HR manager Latisha Deden regarding disparate treatment and discrimination being perpetrated by Vince Minor and another SMC; the HR Manager harassed Ms. Gonzalez about her language stating it might be Portuguese.

c. **October 08, 2019**: Ms. Gonzalez had a meeting with her Supervisor concerning the ongoing workplace discrimination that she was experiencing; he labeled her writing skills as "broken English".

d. **October 14, 2019**: Ms. Gonzalez again met with Mr. Vince Minor and another supervisor, to further discuss the discrimination and harassment she was continuing to experience; Mr. Minor was visibly angry against Ms. Gonzalez.

e. **October 15, 2019:** Ms. Gonzalez spoke with Mr. Minor, Ms. Deden and Mr. Crawford regarding the harassment she was experiencing because of her race and ancestry.

f. **October 16, 2019:** GVI changed the terms and conditions of employment. GVI placed Ms. Gonzalez under unequal scrutiny of work, Mr. Minor said her emails needed to be under revision because of her "broken English".

g. **October 31, 2019:** Mr. Minor and Mr. Crawford issued an unexpected write up. When Ms. Gonzalez used her right to dispute the adverse action Mr. Crawford angered badly and called the HR Department, Mr. Crawford maintained that his legal team was working on it and none *"addendum"* was allowed. Ms. Gonzalez emphasized the actions were discriminatory based on her protected class.

h. **November 04, 2019:** Ms. Gonzalez emailed Ms. Deden, HR Manager, to raise concerns about inappropriate discriminatory comments and actions in the workplace.

i. **November 08, 2019:** Ms. Gonzalez discussed the intolerance and retaliation in the workplace. Mr. Minor and Ms. Deden issued an unexpected write up.

24.     Many of Ms. Gonzalez's reports of inappropriate comments were documented.

25.     Notwithstanding Ms. Gonzalez's continuing complaints regarding the harassment, and the independent substantiation of many of these complaints, GVI failed to take any action to stop this conduct from continuing.

26.     Even after expressing her discomfort with this discriminatory and harassing treatment, the conduct continued. When such offensive comments were made, Ms. Gonzalez would report them to management. However, the inappropriate discussions and offensive comments directed toward her never ceased, and it in fact became even more pervasive.

27.     The more Ms. Gonzalez complained to coworkers and supervisors about the

**D. STATEMENT OF CLAIMS**

offensive actions in the workplace, the more she was ostracized.

28.     Ms. Gonzalez's complaints were ignored and often resulted in further retaliation.

29.     Shortly after her termination, during the December 2019-January 2020, Ms. Gonzalez was replaced by a Caucasian male outside of her protected class, he earned an associate degree. Ms. Gonzalez earned a bachelor's degree in Arts.

30.     Shortly before her termination, the harassment escalated to a direct statement of animus. On November 04, Ms. Gonzalez complained about discriminatory remarks based on national origin. Vince Minor, Ms. Gonzalez's supervisor, requested that Ms. Gonzalez attend to a product training from November 5 - 7.  On November 8 without any provocation, Mr. Minor expressly retaliated against Ms. Gonzalez with a write up.

31.     Mr. Minor adverse action against Ms. Gonzalez is direct evidence of her animosity toward Ms. Gonzalez because of national origin, her religious beliefs, skin color and use of the Open-Door Policy described in the Company's Handbook.

32.     There is no evidence that management similarly excluded any other staff members from the religious trip reports; rather, Ms. Gonzalez was singled out based on her religious beliefs.

33.     Mr. Minor, Ms. Deden and Mr. Crawford actions followed on the heels of over weeks of bias, animus, and retaliation because of Ms. Gonzalez's national origin, ethnic background, and religious beliefs, none of which GVI had taken any action to stop.

34.     Within weeks of Ms. Gonzalez disclosure of her ethnic background, GVI began conducting an unequal scrutiny of her email account directed at finding problems with Ms. Gonzalez's performance. Upon information and belief, GVI will maintain that it commenced its surveillance in October 2019, a fact that, if true, would mean that the monitoring commenced contemporaneously with Ms. Gonzalez's reporting to the company (and specifically to Mr. Minor)

D. STATEMENT OF CLAIMS

of racial harassment being perpetuated by other employees and contractors.

35.     Upon information and belief, the unequal work scrutiny that GVI began – whether it was contemporaneous with Mr. Gonzalez disclosure of her ethnic background, or whether it was contemporaneous with Ms. Gonzalez's report of harassment to Mr. Minor - was specifically intended to obtain information to use as a pretext to terminate Ms. Gonzalez.

36.     Although GVI contends that Ms. Gonzalez was "insubordinate" and "difficult", the Company failed to dispute the unemployment benefits claim filed in March 2020. Moreover, there was no basis to initiate such scrutiny, as Ms. Gonzalez was a good performer who received praise, including recognition during the "Customer Service Week".

37.     Not only was there no valid reason for GVI initiate such adverse actions, the scrutiny did not yield a basis to terminate Ms. Gonzalez.

38.     Ms. Gonzalez denies that she was the only one with errors in her work. Mr. Minor as well as other SMCs had errors in their work communications, Ms. Gonzalez alleged errors did not impact the company. Ms. Gonzalez did not cause "absorptions".

39.     In typing the emails in the way in which she did, she was following her understanding of the company practice for electronic correspondence. GVI had not properly trained Ms. Gonzalez in her job duties, she filed a complaint about it on 09/27/2019. Instead Mr. Minor took five days off work, returned to shame Ms. Gonzalez. He told her she had a "broken English" and then granted a "review" of duties for 1 hour per day at 11 a.m. contrary to HR directions.

40.     Upon information and belief, GVI has no training material, policies, or other guidance on how to types emails.

41.     Up until the date of her termination, both Business Managers informed to Mr.

D. STATEMENT OF CLAIMS

Minor that Ms. Gonzalez was doing a great job.

42. Ms. Gonzalez sought clarification on her errors to ensure she could improve and correct these mistakes. GVI refused to provide her with all of the specific emails at issue, but instead continued to call her pejorative names and spread misinformation about Ms. Gonzalez character.

43. Thereafter, Ms. Gonzalez was out of her desk on approved product training until November 7, 2019, at which time she was immediately wrote up without notice.

44. GVI's termination decision was made by Mr. Minor, and supported by Ms. Deden.

45. The termination, which according to GVI was for purported "insubordination" – although the Company documented it as "poor performance"- was unable to prevail during the unemployment benefits claims which were granted in full to Ms. Gonzalez. Although no additional information supporting termination was thereafter obtained or uncovered, Mr. Vince Minor worked with other management officials to ensure that Ms. Gonzalez was terminated.

46. GVI has falsely alleged that "the final incident that caused the discharge" – failure to ship marketing materials– did not happen. Ms. Gonzalez complied with the request despite of the misleading situation created by IT Department regarding email spam, Ms. Kimbela's allegation that the group leader waited for weeks for the flyers came as complete shock to Ms. Gonzalez.

47. In fact, GVI itself previously asserted that the alleged performance issues were uncovered just the day before the termination and communicated to Mr. Minor. GVI lacks any written documentation demanding to comply with email responses within 24 hours. The time frame is inexistent, and it was a capricious direction to conceal the unlawful employment practice.

48. GVI's purported rationale for the termination is not believable. Its contention that Ms. Gonzalez was fired because of the same alleged errors that Mr. Minor and another SMC had

D. STATEMENT OF CLAIMS

and did not warrant discipline is neither logical nor plausible and is merely a pretext for discrimination and retaliation.

49.     In the position held by Ms. Gonzalez at the time of her termination, the emails were not used to calculate Ms. Gonzalez's statistics, incentives, or raises. As such, Ms. Gonzalez had nothing to gain from typing emails improperly.

50.     Upon information and belief, GVI has no evidence to support its contention that Ms. Gonzalez was incentivized to send improper emails.

51.     Upon information and belief, the actual reason that GVI terminated Ms. Gonzalez was Mr. Vince Minor ongoing animosity toward Ms. Gonzalez's for using the Open Door policy, ethnic background and religious beliefs, her status as Latino woman, as well as Mr. Minor desire to retaliate against Ms. Gonzalez for raising repeated complaints about discriminatory actions in the workplace to HR.

52.     Rather than remedy its ongoing discriminatory behavior, GVI elected to terminate Ms. Gonzalez's employment when it realized that she would not sit quietly by while the harassment continued.

53.     Upon information and belief, GVI waited until it had a purported justification to take its final adverse action against Ms. Gonzalez in the form of terminating her employment. Although GVI ostensibly may not have retaliated against Ms. Gonzalez immediately after she engaged in protected activity, upon information and belief, GVI purposefully delayed its retaliation while awaiting an opportunity where its retaliatory actions could be disguised as legitimate.

54.     Whereas GVI had continuously displayed remarkable leniency with other employees who had deliberately engaged in misconduct the company promptly terminated Ms. Gonzalez without affording her any opportunity, without providing her with training, and after

D. STATEMENT OF CLAIMS

having previously described the underlying issue as "broken English" and a "pretty thick accent"

55.     GVI's retaliation continued even during and after Ms. Gonzalez's termination.  In particular, the termination was humiliating. The HR manager and Mr. Minor publicly ashamed Ms. Gonzalez in front of her coworkers. Ms. Gonzalez was not allowed to pack her belongings instead another employee removed all items from Ms. Gonzalez's desk in front of entire staff. Ms. Deden took pages of Ms. Gonzalez's personal notebook against her wishes and then sent Ms. Gonzalez to the lobby, Ms. Deden threw a box to Ms. Gonzalez in front of the receptionist and Mr. Minor escorted Ms. Gonzalez to the door. GVI did not pay severance to Ms. Gonzalez.

56.     Rather than remedy its ongoing discriminatory behavior based on national origin and color GVI elected to continue depriving Ms. Gonzalez of her right to work in U.S., GVI diminishes Ms. Gonzalez with harmful references to potential and actual employers which reduce Ms. Gonzalez probabilities to find suitable work.

D. STATEMENT OF CLAIMS

## First Claim For Relief
### Retaliation in Violation of Title VII

57.     Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

58.     Plaintiff was subjected to retaliation for engaging in opposition to discrimination and harassment, in violation of 42 U.S.C. §2000e-3, including being terminated from her employment for complaining about the discriminatory treatment and harassment to which she was subjected.

59.     Plaintiff's protected conduct in opposition to race, color, national origin-based discrimination and harassment was a motivating factor in Defendant's retaliatory conduct, including its decision to terminate Plaintiff's employment, its decision treat Plaintiff in a disparate fashion from one or more similarly-situated coworkers, and its decision to publish information concerning Plaintiff's termination to other managers, employees and potential employers.

60.     Defendant's asserted reason for terminating Plaintiff was a pretext for illegal retaliation by Defendant and/or its agents.

61.     Defendant is liable for the acts and/or omissions of its agents and employees.

62.     Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

63.     As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

F. REQUEST FOR RELIEF

### Second Claim For Relief
### Violation of 42 U.S.C. §1981 and Retaliation

64.     Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

65.     Plaintiff is Latino, female, born in Venezuela and thus a member of a protected class under 42 U.S.C. §1981.

66.     Defendant, by and through the conduct of their employees and agents, have unlawfully denied Plaintiff the benefits, privileges, earned incentives, and terms and conditions of her employment due to her race and national origin.

67.     Plaintiff performed the functions of her job competently and was qualified for her longstanding position at all relevant times.

68.     Defendant treated Plaintiff less favorably than at least two similarly-situated counterparts who were Caucasian, respectively, who did not express religious beliefs and/or who did not complain about Defendant's discriminatory and harassment.

69.     Plaintiff was subjected to adverse treatment because of her race and linguistic characteristic.

70.     Plaintiff's protected class was a motivating factor in Defendant's termination of her employment.

71.     Defendant's asserted reason for terminating Plaintiff was a pretext for discrimination and illegal retaliation by Defendant and/or its agents.

72.     Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

F. REQUEST FOR RELIEF

73. As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

### **Third Claim For Relief**
**Discrimination Based on Race or Color, and national origin in Violation of Title VII**

74. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

75. Plaintiff satisfactorily performed the functions and requirements of her job at all times relevant to this Complaint.

76. Defendant, either directly or by and through its agents, discriminated against Plaintiff because of her race or color and national origin.

77. During Plaintiff's employment, Defendant, and its agents, engaged in unlawful discriminatory employment practices against Plaintiff with respect to the terms and conditions of Plaintiff's employment based on her race or color and national origin.

78. Defendant's unlawful employment practices include, without limitation, Mr. Minor direct perpetuation of discrimination and harassment of Plaintiff, Defendant's failure to protect Plaintiff from discrimination and harassment at the hands of management and coworkers, Defendant's disparate treatment of Plaintiff from similarly-situated colleagues in making disciplinary decisions, and Defendant's termination of the Plaintiff, all of which denied Plaintiff equal terms and conditions of employment and otherwise adversely affected her employment status because of her race or color and national origin.

79. Defendant is liable for the acts and/or omissions of its agents and employees.

80. Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

F. REQUEST FOR RELIEF

81.    As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief that this Court enter judgment in her favor and against the Defendant, and award her the following relief, to the fullest extent allowed by law:

i.     Actual monetary damages for all injuries suffered by Plaintiff in an amount to be determined at trial, including but not limited to, damages for lost past and future wages and employment benefits;
ii.    Punitive damages on all claims allowed by law and in an amount to be determined at trial;
iii.   Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;
iv.    Pre- and post-judgment interest at the highest lawful rate; and
v.     Any further relief that this court deems just and proper, and any other relief as allowed by law.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

Date: January 14th, 2021

(Plaintiff's Original Signature)

1330 W. Mississippi Ave #210,

Denver, CO 80223

(720) 201-1085

giovagg@gmail.com

F. REQUEST FOR RELIEF

| **COMPLAINT OF DISCRIMINATION**<br>The Privacy Act of 1974 affects this form.<br>See Privacy Act Statement before completing this form. | EEOC Complaint No.<br><br>CCRD Complaint No.<br>E2000007487 |
|---|---|

| **COLORADO CIVIL RIGHTS DIVISION AND EEOC** | |
|---|---|

| Name  *(Complainant)*<br>Giovanoska Guevara | | (Area Code) Telephone<br>(720) 201-1085 |
|---|---|---|

| Street Address<br>4085 Harlan St. Apt. A | City, State, and Zip Code<br>Wheat Ridge, CO 80033 | County<br>Jefferson |
|---|---|---|

The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who discriminated against me is:

| Name  **(Respondent)**<br>Group Voyagers, Inc. | Number of Employees<br>15+ | (Area Code) Telephone<br>(303) 936-1461 |
|---|---|---|

| Street Address<br>5301 S. Federal Cir. | City, State, and Zip Code<br>Littleton, CO 80033 | County<br>Arapahoe |
|---|---|---|

| Discrimination Based on:<br>National Origin/Ancestry (Hispanic/Venezuelan);<br>Retaliation | Date Most Recent Discrimination Occurred:<br>November 13, 2019 |
|---|---|

**I.  Jurisdiction:** The Colorado Civil Rights Division has jurisdiction over the subject matter of this charge and the named Respondent, pursuant to the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, *et. seq.*), as reenacted.

**II.  Personal Harm:** On or about August 6, 2019, and thereafter, I was harassed based on my protected classes. On or about November 13, 2019, I was discharged based on my protected class and/or in retaliation for engaging in protected activity.

**III.  Respondent's Position:** Unknown.

**IV.  Discrimination Statement:** I believe I was unlawfully discriminated against because: of my protected class and/or in retaliation for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA). 1.) I began employment with the Respondent on or about July 11, 2019, performed my job duties satisfactorily at all times, and my most recent job title was Sales and Marketing Coordinator. 2.) On or about August 6, 2019, I was harassed when the Respondent's Travel Agent, Mary Curtis ("Curtis"), began referring to me as the agent with "a pretty thick accent." 3.) On or about September 27, 2019, the Respondent's Human Resource Manager, Latisha Deden, harassed me by requesting to know my race and preferred language, stating that it may be Portuguese. 4.) On or about October 7, 2019, the Respondent's Operation's Employee, Rhonda Polizotto, complained that my English was poor. 5.) On or about October 8 and 14, 2019, the Respondent's Supervisor of Direct Groups, Vince Minor ("Minor"), harassed me when he degraded my accent by referring to it as "broken English." 6.) On or about October 18, 2019, I complained to the Respondent about the harassment. 7.) In or around November, 2019, Minor harassed me by describing my performance as "[c]ombative, communication problems, unprofessional, and insubordinate." 8.) On or about November 13, 2019, the Respondent refused to pay me my sales bonuses for my bookings and I was then discharged. 9.) I believe that I was discriminated against based on my protected class and/or in retaliation for engaging in protected activity.

**V.  WHEREFORE:** The Complainant prays that the Colorado Civil Rights Division grant such relief as may exist within the Division's power and which the Division may deem necessary and proper.

I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency, if any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date January 15, 2020    Charging Party/Complainant (Signature)

4085 Harlan Street, Apt. A
Wheat Ridge, CO 80033

From:   **Phoenix District Office**
**3300 North Central Ave**
**Suite 690**
**Phoenix, AZ 85012**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32A-2020-00245 | **Robin Campbell,** **State, Local & Tribal Program Manager** | **(602) 661-0041** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Elizabeth Cadle,**
**District Director**

October 15, 2020

*(Date Mailed)*

Enclosures(s)

cc:

**GROUP VOYAGERS INC**
**5301 S Federal Circle**
**Littleton, CO 80123**

**Alice Powers**
**LEWIS BRISBOIS**
**BISGAARD & SMITH LLP**
**1700 Lincoln St**
**Suite 4000**
**Denver, CO 80203**



PHOENIX AZ 852
15 OCT 2020 PM 5 L

Giovanoska Guevara
4085 Harlan St
Apt A
Wheat Ridge,

PLOYMENT OPPORTUNITY COMMISSION
Office
ve., Suite 690
12

GUEVARA GONZALEZ,GIOVANOSKA   729C7210/23/20
130 W MISSISSIPPI AVE   APT 210
DENVER CO 80223-3849
BC: 80223384960       ~19144-02300-15-36

T 800 N7E 1