**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00111-RBJ

GIOVANOSKA GONZALEZ, individually,

       Plaintiff,

v.

GROUP VOYAGERS INC.
A/K/A GLOBUS,
A/K/A COSMOS,
A/K/A MONOGRAMS, and
A/K/A AVALON WATERWAYS,

       Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE**
**PARTIES**

Due to the Covid-19 pandemic, the Court will not conduct a Scheduling Conference in this matter; the Parties are submitting this Proposed Scheduling Order pursuant to the Court's Minute Order of January 15, 2021. The Court has reviewed the proposed order and issues this Scheduling Order with its modifications and comments noted in Track Changes for easier reference.

Plaintiff Giovanoska Gonzalez appears *in pro se*; her contact information is 1330 W. Mississippi Ave #210, Denver, CO 80223, (720) 201-1085; giovagg@gmail.com.

Defendant Group Voyager, Inc., a/k/a Globus, a/k/a Cosmos, a/ka Monograms and a/k/a Avalon Waterways ("Group Voyager") is represented by Alice Conway Powers, Reg. No. 47098, Lewis Brisbois Bisgaard & Smith LLP, 1700 Lincoln Street, Suite 4000, Denver, Colorado 80203

> **Commented [A1]:** The Court recommends that plaintiff retain counsel if at all possible, perhaps on a contingent fee basis.

303.861.7760, Alice.Powers@lewisbrisbois.com.

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's Title VII and 42 U.S.C. §1981 claims based upon 28 U.S.C. §§ 451, 1331, 1337 and 1343.  A federal question is presented on the face of Plaintiff's Complaint.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      **Plaintiff:** Plaintiff Giovanoska Gonzalez, who is a Hispanic/Latino woman, was employed as a Sales and Marketing Coordinator for the Defendant, Group Voyagers, Inc., prior to her termination in November 2019.  During her five months of employment, Ms. Gonzalez was the only Hispanic Sales and Marketing Coordinator in her department at Defendant's Littleton, Colorado office.  Group Voyagers routinely treated Ms. Gonzalez in a disparate fashion than her non-Hispanic/non-Latino colleagues, regularly extending leniency and forgiveness to those employees in disciplinary matters, in addition to affording those coworkers more opportunities, incentives, and grace in all aspects of their jobs. For example, Group Voyagers looked the other way after a Caucasian Sales and Marketing Coordinator had repeatedly created a hostile work environment, engaged in derogatory comments about a company tour and deleted ten years of company files without authorization.  Adding insult to injury, the company uniquely scrutinized Ms. Gonzalez' work and threatened adverse actions after unfairly labeling her as an "overaggressive" employee simply because she is Hispanic, while simultaneously ignoring severe and repeated instances of actual "aggressive" conduct on the part of numerous non-Hispanic employees. Ms. Gonzalez was also subjected to profoundly hurtful comments about her "broken English" and was questioned as to whether her native language might be Portuguese instead of Castilian Spanish.  Plaintiff alleges that Group Voyagers engaged in unlawful employment

4836-2708-6822.1 2

practices on the basis of her race, as well as in retaliation for her complaints of racial discrimination, by terminating her employment and by replacing her with a Caucasian male.

b.   **Defendant**: Defendant denies the material assertions in Plaintiff's Complaint. Defendant's Answer to Plaintiff's Complaint, including the affirmative and other defenses, is fully incorporated by reference herein.  Further, Defendant denies any liability arising from Plaintiff's allegations because the allegations lack factual or legal support.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.   Plaintiff, Giovanoska Gonzalez, is an individual resident of Denver, Colorado.

2.   Plaintiff was employed by Group Voyagers as a Sales and Marketing Coordinator at the company's Littleton office.

3.   Plaintiff's employment at Group Voyagers lasted for approximately four months, from July 2019 through November 2019.

### 5. COMPUTATION OF DAMAGES

**Plaintiff:**  Plaintiff currently identifies the following categories of damages, which she will compute as part of her forthcoming Rule 26 Disclosures:

(i)   back pay and benefits, including interest, wages, salary, bonuses, overtime, commissions, raises, accrued vacation time, allotted but unused sick days.

(ii)  front pay compensation and benefits necessary to make up for the difference in pay that Plaintiff would have earned in the future, to return to the same level of pay that she had when she was wrongfully terminated by Defendant;

(iii) punitive and compensatory damages in the amount of $200,00.00, based on Plaintiff's allegation that Defendant intentionally discriminated against her, plus her actual damages, plus pain, suffering, grief, anxiety and humiliation.  These damages include damage to Plaintiff's reputation.

During discovery, Plaintiff intends to determine the full extent and scope of the damages that she has suffered as a result of Defendant's actions.

4836-2708-6822.1  3

**Defendant:**   Defendant disputes and denies liability to Plaintiff for all aforementioned categories of damages alleged by Plaintiff.   Defendant seeks the following in damages: (1) reasonable costs and expenses incurred in defending against this action pursuant to Fed. R. Civ. P. 54(d)(1); and (2) such other and further relief as is just, warranted, and reasonable under the circumstances.   Defendant reserves the right to seek recovery of its reasonable attorneys' fees under 28 U.S.C. § 1927 and/or other applicable law if the basis therefore arises.

### 6. REPORT OF PRECONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: April 19, 2021

b.      Names of each participant and party she represented:

Plaintiff Giovanoska Gonzalez, representing herself.

Alice Conway Powers, representing the Defendant.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.  On or before May 3, 2021 (within 14 days after Rule 26(f) conference under Fed. R Civ. P. (a)(1)(C)).

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  None.

e.      Statement concerning any agreements to conduct informal discovery: None.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties will work together in identifying ways and means to reduce litigation costs as they proceed with discovery.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff anticipates that her claims and defenses will involve a reasonable amount of ESI in the form of email communications, and that a substantial amount—if not all—of other records of the Defendant will be produced in electronic form, as they are maintained.  Defendant notes that this section asks if there will be **<u>extensive</u>** electronically stored information for discovery, and does not believe that will be the case.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**<u>Plaintiff</u>**: Prior to commencing litigation, Plaintiff – through counsel – reached out to Defendant to discuss the possibilities for prompt settlement. Those discussions were unproductive.

**<u>Defendant</u>**: The parties have not discussed the possibilities for prompt settlement, following this case being filed.  During the Rule 26(f) conference, Plaintiff refused to discuss the topic of settlement.

> **Commented [A2]:** The Court suggests that the parties put the past pre- and post-filing history behind them.  If both parties are opeon to settlement, you should make an initial effort to resolve the dispute before incurring substantial costs, and if you are not successful, you should continually reexamine the possibilities for settlement.

## 7. CONSENT

All parties do <u>not</u> consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

      a.     ~~Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  None.~~

      b.     ~~Limitations which any party proposes on the length of depositions:  The parties agree to the limitations on length of depositions as set forth in the Federal Rules of Civil Procedure.~~  <u>The Court limits the parties to three depositions per side not to exceed four hours each.  These limits can be increased by agreement of the parties or court order.  But just accepting 10 depositions per side up to seven hours each does not make sense for this case, nor is it consistent with your own senction 9(e).</u>

> **Formatted:** Indent: Left:  0.56", Hanging:  0.44", Right: 0.73", Tab stops:  1", Left

      c.     Limitations which any party proposes on the number of requests for production and/or requests for admission:   Twenty-five requests for production and twenty-five requests for admissions.

      d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: Thirty days before the Discovery Cut-Off.

e.        Other Planning or Discovery Orders:  The parties will propose a joint protective order within a reasonable time after the scheduling conference.  The Court will issue a protective order only if it complies with the Court's practice standards.  Also, the parties will not file motions or responses concerning discovery disputes.  Rather, after counsel have conferred by telephone or in person, they will contact Chambers and set a telephonic hearing.  If the dispute concerns responses to paper discovery (interrogatories, etc.), please provide the Court with the disputed question and responses before the hearing.

**9. CASE PLAN AND SCHEDULE**

a.        Deadline for Joinder of Parties and Amendment of Pleadings: May 7, 2021

b.        Discovery Cut-off: Plaintiff:  December 6, 2021.  Defendant: October 19, 2021.

c.        Dispositive Motion Deadline:  Plaintiff: January 7, 2022; Defendant: November 22, 2021.

Discovery: December 6, 2021.  Dispositive Motions: January 7, 2021.  The parties do not need that much time, but given the availability of trial dates, these deadlines make sense.

d.b.    Expert Witness Disclosure:

1.        The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff:** Plaintiff may utilize an economics expert to assess damages.

**Defendant:**  Defendant does not currently anticipate retaining an expert except for rebuttal purposes but reserves the right to identify an affirmative expert should the need arise in the course of discovery.

2.        Limitations which the parties propose on the use or number of expert witnesses:  The parties propose a limit of one (1) specially retained expert witness per topic of expert testimony.

3.        The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 19, 2021.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 20, 2021.

e.      Identification of Persons to Be Deposed:

**Plaintiff:**

Rule 30(b)(6) Deposition of Defendant Group Voyagers; 4 hours.

**Defendant:**

Plaintiff Giovanoska Gonzalez, 7 hours on the record.

Any witness who is revealed or becomes necessary throughout the course of discovery.

Any experts identified by Plaintiff.

This list may be amended and/or supplemented subsequent to the exchange of initial disclosures. The parties reserve their right to depose other witnesses as discovery progresses. The parties need not move to amend this scheduling order to depose persons not identified in the above lists provided that the parties adhere to the limits on the number of depositions set forth in § 8(a), above.

**10. DATES FOR FURTHER CONFERENCES**

a.      Status conferences will be held in this case at the following dates and times:

_____ .

b.      ~~A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

A final pretrial order is not required.  The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions.  Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions paired.  **Please jointly contact Chambers at jackson_chambers@cod.uscourts.gov within 14 days to select TPC and Trial dates from the**

> Formatted: Font: 12 pt

> Formatted: Font: 12 pt, Bold

> Formatted: Font: 12 pt, Bold

> Formatted: Font: 12 pt, Bold

**following options:**

**Proposed 3-day Jury Trial dates: 7/18/2022; 8/1/2022; 8/8/2022.**

**Proposed trial preparation conference: 6/24/2022 at 9:00; 7/15/2022 at 1:30; 7/21/2022 at 2:30.**

**Formatted:** Indent: Left:  0.5"

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Those items noted in 9.b. and 9.c. of the Scheduling Order relating to Case Plan and Schedule.

    b.    Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate needing three (3) days to complete the trial in this case, and Plaintiff has demanded that it be tried to a jury.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

The parties request that all proceedings be conducted in Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ~~7th   day of April~~May, 2021.10th day of May, 2021.

**Formatted:** Superscript

BY THE COURT:

_____

_____
United States District Judge

APPROVED:

s/Giovanoska Gonzalez_____          **s/** Alice Conway Powers_____
Giovanoska Gonzalez                      Alice Conway Powers, Reg. No. 47098
1330 W. Mississippi Ave #210             Lewis Brisbois Bisgaard & Smith LLP
Denver, CO 80223                         1700 Lincoln Street, Suite 4000
(720) 201-1085                           Denver, Colorado 80203
giovagg@gmail.com                        303.861.7760
                                         Alice.Powers@lewisbrisbois.com


Plaintiff, *in pro se*                   Attorneys for Defendant

4836-2708-6822.1 9