IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-00111-RMR-NRN

GIOVANOSKA GONZALEZ,

    Plaintiff,

v.

GROUP VOYAGERS INC., a New York/Foreign Corporation
A/K/A GLOBUS,
A/K/A COSMOS,
A/K/A MONOGRAMS, and
A/K/A AVALON WATERWAYS,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Modify Taxation of Costs, ECF No. 93. For the reasons set forth below, the Motion is **GRANTED IN PART** AND **DENIED IN PART**.

### I.     PROCEDURAL BACKGROUND

On February 13, 2023, the Court issued an order granting summary judgment in favor of Defendant. ECF No. 84. Final Judgment was issued the same day, and ordered that "Defendant shall have their costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen days after the entry of judgment, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1." ECF No. 85.

Defendant submitted its Bill of Costs on February 28, 2023 [ECF No. 86] and its Amended Bill of Costs (which corrected the hearing date) on March 3, 2023 [ECF No. 88]. The Amended Bill of Costs was in the amount of $740.74, which consisted of $682.40 in "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" and $58.34 in "other costs" for "background check and court case." ECF No. 88. Plaintiff objected to all items in the Bill of Costs. ECF No. 91. A hearing on the Amended Bill of Costs was held on March 21, 2023. ECF No. 92. The Clerk taxed costs in the amount of $682.40. The following week, Plaintiff, proceeding pro se[1], timely filed the present motion, seeking this Court's review of the Clerk's costs pursuant to Fed. R. Civ. P. 54(d)(1). ECF No. 93. Defendant did not respond.

## II.     LEGAL STANDARD

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The costs that may be recovered under Rule 54(d)(1) are limited to the expenses enumerated in 28 U.S.C. § 1920, *see Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005), and include fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing

---

[1] Because Plaintiff appears pro se, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

and witnesses, and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (holding that "section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)"), *superseded on other grounds by* 42 U.S.C. § 1988.

Although Rule 54(d) creates a presumption that costs should be awarded to the prevailing party, *see, e.g., Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898, 901 (D. Kan. 2007), the taxing of costs is reserved to the trial court's sound discretion. *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002) (noting that "an abuse of that discretion occurs only where the trial court 'bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling' ") (*quoting In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982)). Pursuant to Rule 54(d)(1), "[o]n motion served within the next 7 days [following the Clerk's taxation of costs], the court may review the clerk's actions."

### III.   ANALYSIS

Plaintiff first argues that Defendant should not be entitled to costs because Defendant did not actively seek a Bill of Costs and instead "believed he was compelled by a Court Order to file a Bill of Costs." ECF No. 93 at 3. This argument is without merit. Pursuant to the Final Judgment, Defendant was ordered to file a Bill of Costs and did so. ECF No. 85. Further, "Rule 54 creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

Therefore, "the established rule is that costs are generally awarded to the prevailing party." *Id.* Contrary to Plaintiff's position, Defendant did not need to "communicate with Plaintiff about the need for reimbursement or economic 'necessity' for a monetary award" in order to receive costs as the prevailing party.

Plaintiff next contends that the Clerk should have declined the award for lack of supporting documents. *Id.* But Defendant did provide documentation to support the Bill of Costs, and the provided invoices reflect the costs awarded. ECF No. 88-1. The Clerk awarded costs based on Defendant's presentation of events that reasonably demonstrated how and why the costs were incurred—Plaintiff's non-appearance for a scheduled deposition, the need for transcripts to document the non-appearances, the cancellation fees incurred through the non-appearances, and the need for the transcript of the successful May 24, 2022 deposition, which was used, referenced, and cited in Defendant's summary judgment motion. ECF No. 92 at 2. Plaintiff reiterates the same argument presented at the March 21, 2023 hearing, that "Defendant's invoices did not match nor reflected costs associated with Deposition transcripts for March 12, 2023 and May 24, 2023." ECF No. 93 at 3. But at the hearing, after considering both parties' positions, the Clerk found that the Defendant "reasonably demonstrated how and why the costs were incurred." ECF No. 92 at 2.

Finally, Plaintiff argues that the cancellation fees incurred for the non-appearances are not taxable costs under 28 U.S.C. § 1920. However, multiple federal courts have held that no-show deposition costs are taxable costs under Section 1920. *See, e.g., Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 296 (6th Cir. 2015) (District court did

4

not abuse its discretion, in former employee's wrongful termination action against employer, in awarding employer attendance charge from court reporter due to employee's last-minute notice of cancellation of her deposition.); *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("We find no-show deposition costs are incidental expenses that fall within § 1920(2) and conclude that the district court did not abuse its discretion when it entered the order awarding costs."); *Hill v. BASF Wyandotte Corp.*, 547 F. Supp. 348, 351 (E.D. Mich. 1982) (Defendant was entitled to costs incurred when plaintiff did not appear for scheduled deposition where costs were reasonably necessary because defendant used transcript of cancelled deposition in motion to compel plaintiff's deposition.). Having reviewed the Clerk's explanation of the items allowed and disallowed and the motion, the Court finds no reason to modify the Clerk's award.

### IV.    Conclusion

For the reasons stated herein, Plaintiff's Motion to Modify Taxation of Costs, ECF No. 93, is **GRANTED IN PART** AND **DENIED IN PART**. It is granted to the extent the Court has reviewed the Clerk's taxation of costs. It is denied to the extent that it seeks the costs taxed be vacated. The Court therefore affirms the taxation of costs in its entirety.

DATED: October 10, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

5